**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARIEL BERNARD, DEAN J. SCHEMANSKI, THOM M. GRAY, JALONNE RICE, MANUEL ACEVEDO, AHMED ADAM, MARK S. DELMEDICO, ROGER TADJBAKHSH, ROSA VALERY, IBRAHIM ELSALAMONI, JOHN M. FINK, JODIE HOLMES, DONALD NG, BARBARA SELIG, EKOVI AMENOUNVEE, NADEEM WAQAR AND IPUOLE OGAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRATEGIC DELIVERY SOLUTIONS, LLC<br><br>Defendant. | Case No.: 22-cv-07396-CPO-MJS<br><br><br><br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Strategic Delivery Solutions, LLC ("SDS" or "Defendant"), by its attorneys, Jasinski, P.C., as and for its Answer to the First Amended Class Action Complaint ("First Amended Complaint")[1] filed herein, respectfully responds as follows:

1. The allegations set forth in Paragraph 1 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the First Amended Complaint.

2. Defendant denies the allegations in Paragraph 2 of the First Amended Complaint.

---

[1] For the Court's convenience, Defendant has repeated herein the headings used in Plaintiffs' First Amended Class Action Complaint. However, Defendant does not admit the substance of any headings set forth therein.

3. Defendant denies the allegations in Paragraph 3 of the First Amended Complaint in the form as alleged.

4. Defendant denies the allegations in Paragraph 4 of the First Amended Complaint in the form as alleged. Defendant respectfully refers the Court to the document referenced for its content.

5. Defendant denies knowledge or information sufficient to form a belief as to the as to the truth of the allegations set forth in Paragraph 5 of the First Amended Complaint, leaves Plaintiffs to their proofs and denies any and all liability and damages.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 6 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the second sentence of Paragraph 6 of the First Amended Complaint, Defendant denies the allegations.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 7 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the second sentence of Paragraph 7 of the First Amended Complaint, Defendant denies the allegations.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 8 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the

second sentence of Paragraph 8 of the First Amended Complaint, Defendant denies the allegations.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 9 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 9 of the First Amended Complaint, Defendant denies the allegations.

10.     The allegations set forth in Paragraph 10 are not directed to Defendant, and therefore, no response is required.  To the extent a response is necessary, Defendant denies any and all liability and damages.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 11 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 11 of the First Amended Complaint, Defendant denies the allegations.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 12 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 12 of the First Amended Complaint, Defendant denies the allegations.

13.     The allegations set forth in Paragraph 13 are not directed to Defendant, and therefore, no response is required.  To the extent a response is necessary, Defendant denies any and all liability and damages.

14.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 14 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 14 of the First Amended Complaint, Defendant denies the allegations.

15.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 15 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 15 of the First Amended Complaint, Defendant denies the allegations.

16.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 16 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 16 of the First Amended Complaint, Defendant denies the allegations.

17.   The allegations set forth in Paragraph 17 are not directed to Defendant, and therefore, no response is required.  To the extent a response is necessary, Defendant denies any and all liability and damages.

18.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 18 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 18 of the First Amended Complaint, Defendant denies the allegations.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 19 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the second sentence of Paragraph 19 of the First Amended Complaint, Defendant denies the allegations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 20 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the second sentence of Paragraph 20 of the First Amended Complaint, Defendant denies the allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 21 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the second sentence of Paragraph 21 of the First Amended Complaint, Defendant denies the allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 22 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the second sentence of Paragraph 22 of the First Amended Complaint, Defendant denies the allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 23 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages. As to the

second sentence of Paragraph 23 of the First Amended Complaint, Defendant denies the allegations.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 24 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 24 of the First Amended Complaint, Defendant denies the allegations.

25.     The allegations set forth in Paragraph 25 are not directed to Defendant, and therefore, no response is required.  To the extent a response is necessary, Defendant denies any and all liability and damages.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 26 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.  As to the second sentence of Paragraph 26 of the First Amended Complaint, Defendant denies the allegations.

27.     The allegations set forth in Paragraph 27 of the First Amended Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the First Amended Complaint.

28.     The allegations set forth in Paragraph 28 of the First Amended Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the First Amended Complaint.

29. The allegations set forth in Paragraph 29 of the First Amended Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the First Amended Complaint.

30. The allegations set forth in Paragraph 30 of the First Amended Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the First Amended Complaint.

31. Defendant admits the allegations set forth in Paragraph 31 of the First Amended Complaint.

32. Defendant admits the allegations set forth in Paragraph 32 of the First Amended Complaint.

33. The allegations set forth in Paragraph 33 of the First Amended Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the First Amended Complaint.

## JURISDICTION AND VENUE

34. Defendant admits the allegations set forth in Paragraph 34 of the First Amended Complaint.

35. Defendant admits the allegations set forth in Paragraph 35 of the First Amended Complaint.

36. The allegations set forth in Paragraph 36 of the First Amended Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendant admits that venue is proper in the U.S. District Court for the District of New Jersey.  To the extent the second sentence of Paragraph 37 of the First Amended Complaint could be interpreted as implying that Plaintiffs were employees, Defendant denies same.

## FACTS

38. Defendant denies the allegations set forth in Paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the First Amended Complaint in the form as alleged.

40. Defendant denies the allegations set forth in Paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the First Amended Complaint in the form as alleged.

42. The allegations set forth in Paragraph 42 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the First Amended Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the First Amended Complaint and respectfully refers the Court to the document referenced for its content.

46. Defendant denies the allegations set forth in Paragraph 46 of the First Amended Complaint.

47. Defendant admits that Plaintiffs signed independent contractor agreements and denies the remaining allegations set forth in Paragraph 47 of the First Amended Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the First Amended Complaint.

49. The allegations set forth in Paragraph 49 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the First Amended Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the First Amended Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the First Amended Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the First Amended Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the First Amended Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the First Amended Complaint in the form as alleged.

57. The allegations set forth in Paragraph 57 of the First Amended Complaint set forth legal conclusions to which no response is necessary.   To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the First Amended Complaint.

58. The allegations set forth in Paragraph 58 of the First Amended Complaint set forth legal conclusions to which no response is necessary.   To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the First Amended Complaint.

59. The allegations set forth in Paragraph 59 of the First Amended Complaint set forth legal conclusions to which no response is necessary.   To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the First Amended Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the First Amended Complaint.

61. The allegations set forth in Paragraph 61 of the First Amended Complaint set forth legal conclusions to which no response is necessary.   To the extent a response is required, Defendant denies that Plaintiffs were employees and denies the allegations in Paragraph 61 of the First Amended Complaint.

62. The allegations set forth in Paragraph 62 of the First Amended Complaint set forth legal conclusions to which no response is necessary.   To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the First Amended Complaint.

## CLASS ACTION ALLEGATIONS

63. The allegations set forth in Paragraph 63 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant states that Plaintiffs were properly classified and denies the allegations in Paragraph 63 of the First Amended Complaint.

64. The allegations set forth in Paragraph 64 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant states that Plaintiffs were properly classified and denies the allegations in Paragraph 64 of the First Amended Complaint.

65. The allegations set forth in Paragraph 65 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant states that Plaintiffs were properly classified and denies the allegations in Paragraph 65 of the First Amended Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the First Amended Complaint.

67. The allegations set forth in Paragraph 67 of the First Amended Complaint set forth legal conclusions to which no response is necessary. Defendant denies the allegations in Paragraph 67 of the First Amended Complaint.

68. The allegations set forth in Paragraph 68 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 68 of the First Amended Complaint.

69. The allegations set forth in Paragraph 69 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 69 of the First Amended Complaint.

70. The allegations set forth in Paragraph 70 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 70 of the First Amended Complaint.

71. The allegations set forth in Paragraph 71 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 71 of the First Amended Complaint.

72. The allegations set forth in Paragraph 72 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and denies that Plaintiffs have suffered damages.

73. The allegations set forth in Paragraph 73 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability and damages.

74. The allegations set forth in Paragraph 74 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 74 of the First Amended Complaint.

75. The allegations set forth in Paragraph 75 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 75 of the First Amended Complaint.

## COUNT I

### Class Claims for Violation of the New Jersey Wage Payment Law ("NJWPL") N.J. Stat. § 34:11-4.2 and § 34:11-4.4

76.    Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

77.    The allegations set forth in Paragraph 77 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 77 of the First Amended Complaint.

78.    The allegations set forth in Paragraph 78 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

79.    The allegations set forth in Paragraph 79 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 79 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

80.    Defendant denies the allegations set forth in Paragraph 80 of the First Amended Complaint.

81.    Defendant denies the allegations set forth in Paragraph 81 of the First Amended Complaint.

## COUNT II

### Class Claims for Violation of Overtime Provisions of New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. § 34:11-56a4

82.    Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

83. The allegations set forth in Paragraph 83 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 83 of the First Amended Complaint.

84. The allegations set forth in Paragraph 84 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 84 of the First Amended Complaint.

85. The allegations set forth in Paragraph 85 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 85 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

86. The allegations set forth in Paragraph 86 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 86 of the First Amended Complaint.

87. The allegations set forth in Paragraph 87 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 87 of the First Amended Complaint.

88. The allegations set forth in Paragraph 88 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 88 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

## COUNT III

### Class Claims for Violations of Minimum Wage Requirements of New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. § 34:11-56a

89. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

90. The allegations set forth in Paragraph 90 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 90 of the First Amended Complaint.

91. The allegations set forth in Paragraph 91 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 91 of the First Amended Complaint.

92. The allegations set forth in Paragraph 92 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 92 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

93. The allegations set forth in Paragraph 93 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 93 of the First Amended Complaint.

## COUNT IV

### Individual Claims for Failure to Pay Minimum Wage in Violation of the FLSA

94. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

14

95. The allegations set forth in Paragraph 95 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 95 of the First Amended Complaint.

96. The allegations set forth in Paragraph 96 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 96 of the First Amended Complaint.

97. The allegations set forth in Paragraph 97 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 97 of the First Amended Complaint.

98. The allegations set forth in Paragraph 98 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to from a belief as to the allegations set forth in Paragraph 98 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability.  Defendant also respectfully refers the Court to the statute referenced for its content.

## COUNT V

### Individual Overtime Claims under the FLSA

99. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

100. The allegations set forth in Paragraph 100 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 100 of the First Amended Complaint.

101. The allegations set forth in Paragraph 101 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 101 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

102. The allegations set forth in Paragraph 102 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 102 of the First Amended Complaint.

103. The allegations set forth in Paragraph 103 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to from a belief as to the allegations set forth in Paragraph 103 of the First Amended Complaint, leaves Plaintiffs to their proofs, and denies any and all liability. Defendant also respectfully refers the Court to the statute referenced for its content.

**COUNT VI**

**Unpaid or Withheld Wages in Violation of Conn. Gen. Stat. § 31:72**

104. The allegations set forth in Paragraph 104 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 104 of the First Amended Complaint.

105. The allegations set forth in Paragraph 105 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required,

16

Defendant denies the allegations set forth in Paragraph 105 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

106. The allegations set forth in Paragraph 106 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 106 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

107. The allegations set forth in Paragraph 107 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 107 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

108. The allegations set forth in Paragraph 108 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 108 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

## COUNT VII

### Failure to Pay Minimum Wage and Overtime in Violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, et seq.

109. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

17

110.    The allegations set forth in Paragraph 110 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 110 of the First Amended Complaint.

111.    The allegations set forth in Paragraph 111 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 111 of the First Amended Complaint.

112.    The allegations set forth in Paragraph 112 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 112 of the First Amended Complaint.  Defendant also respectfully refers the Court to the statute referenced for its content.

113.    The allegations set forth in Paragraph 113 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 113 of the First Amended Complaint.

114.    The allegations set forth in Paragraph 114 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 114 of the First Amended Complaint.

115.    The allegations set forth in Paragraph 115 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required,

Defendant denies the allegations set forth in Paragraph 115 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

## COUNT VII[2]

### Violation of the Minimum Wage and Overtime Protections of the Pennsylvania Minimum Wage Act

116. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

117. The allegations set forth in Paragraph 117 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 117 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

118. The allegations set forth in Paragraph 118 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 118 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

119. The allegations set forth in Paragraph 119 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 119 of the First Amended

[2]Plaintiffs have misnumbered the Counts. However, for purposes of consistency and to lessen any confusion, Defendant repeats the error and numbers the Counts as set forth in the First Amended Complaint

Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

120. The allegations set forth in Paragraph 120 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 120 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute and regulation referenced for their content.

121. The allegations set forth in Paragraph 121 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 121 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

122. The allegations set forth in Paragraph 122 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 122 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute and regulation referenced for their content.

123. The allegations set forth in Paragraph 123 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 123 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute for its content.

## COUNT IX

### Pennsylvania Wage Payment and Collection Law ("PWPCL")

124. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

125. The allegations set forth in Paragraph 125 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 125 of the First Amended Complaint.  Defendant also respectfully refers the Court to the statute for its content.

126. The allegations set forth in Paragraph 126 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 126 of the First Amended Complaint.

127. The allegations set forth in Paragraph 127 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 127 of the First Amended Complaint.

128. The allegations set forth in Paragraph 128 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 128 of the First Amended Complaint.

129. The allegations set forth in Paragraph 129 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 129 of the First Amended Complaint.

130. The allegations set forth in Paragraph 130 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 130 of the First Amended Complaint.

131. The allegations set forth in Paragraph 131 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 131 of the First Amended Complaint.

## COUNT X

### Maryland Wage and Hour Law ("MWHL")

132. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

133. The allegations set forth in Paragraph 133 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 133 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

134. The allegations set forth in Paragraph 134 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 134 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

135. The allegations set forth in Paragraph 135 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 135 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

136. The allegations set forth in Paragraph 136 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 136 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

137. The allegations set forth in Paragraph 137 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 137 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

138. The allegations set forth in Paragraph 138 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 138 of the First Amended Complaint.

139. The allegations set forth in Paragraph 139 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 139 of the First Amended Complaint.

## COUNT XI

### Maryland Wage Payment and Collection Law ("MWPCL")

140. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

141. The allegations set forth in Paragraph 141 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 141 of the First Amended Complaint. Defendant also respectfully refers the Court to the statutes referenced for their content.

142. The allegations set forth in Paragraph 142 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 142 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

143. The allegations set forth in Paragraph 143 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 143 of the First Amended Complaint.

## COUNT XII

### New York Labor Law ("NYLL") – Unlawful Wage Deductions

144. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

145.    The allegations set forth in Paragraph 145 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 145 of the First Amended Complaint.  Defendant also respectfully refers the Court to the statute referenced for its content.

146.    The allegations set forth in Paragraph 146 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 146 of the First Amended Complaint.  Defendant also respectfully refers the Court to the statute referenced for its content.

## COUNT XIII

### New York Labor Law – Illegal Kickback of Wages

147.    Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

148.    The allegations set forth in Paragraph 148 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 148 of the First Amended Complaint.  Defendant also respectfully refers the Court to the statutes referenced for their content.

149.    The allegations set forth in Paragraph 149 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 149 of the First Amended

Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

## COUNT XIV

### New York Labor Law – Record-Keeping Requirement Violation

150. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

151. The allegations set forth in Paragraph 151 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 151 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

152. The allegations set forth in Paragraph 152 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 152 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

## COUNT XV

### New York Minimum Wage Act ("NYMWA") – Failure to Pay Minimum Wage and Overtime

153. Defendant incorporates by reference its answers in the preceding paragraphs as if set forth at length herein.

154. The allegations set forth in Paragraph 154 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required,

26

Defendant denies the allegations set forth in Paragraph 154 of the First Amended Complaint.

155. The allegations set forth in Paragraph 155 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 155 of the First Amended Complaint.

156. The allegations set forth in Paragraph 156 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 156 of the First Amended Complaint. Defendant also respectfully refers the Court to the statute referenced for its content.

157. The allegations set forth in Paragraph 157 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 157 of the First Amended Complaint. Defendant also respectfully refers the Court to the regulation referenced for its content.

158. The allegations set forth in Paragraph 158 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 158 of the First Amended Complaint.

159. The allegations set forth in Paragraph 159 of the First Amended Complaint set forth legal conclusions to which no response is necessary. To the extent a response is required,

Defendant denies the allegations set forth in Paragraph 159 of the First Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies each and every allegation and request for relief contained in the PRAYER FOR RELIEF section of the First Amended Complaint and the WHEREFORE paragraph of the First Amended Complaint, including any and all subparagraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' (and/or the putative class/collective action members') First Amended Class Action Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all of the claims contained in the First Amended Class Action Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, Plaintiffs are not entitled to any relief under the FLSA, New York law, and/or New Jersey law because they were fully and justly compensated.

### FIFTH AFFIRMATIVE DEFENSE

28

Plaintiffs performed services as independently contracted delivery drivers and, therefore, are not entitled to relief under the FLSA, New York law, and/or New Jersey law.

### SIXTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, Plaintiffs' claims are barred in whole or in part by statutory exclusions, exceptions, or credits under the Fair Labor Standards Act and/or state law.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, Plaintiffs are not entitled to any relief under the FLSA and/or state law (including but not limited to penalties, punitive damages, and/or liquidated damages) as Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, Plaintiffs are not entitled to any relief under the FLSA and/or state law because the alleged work activities that form the basis of their claims are *de minimis*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not sustained any injury or damage by reason of any act or omission of Defendant.

### TENTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, their claims under the FLSA and state law are barred because Defendant acted in good faith in conformity with and in reliance on written administrative regulations, orders,

rulings, approvals, interpretations, administrative practices and enforcement policies of the respective federal and state departments of labor.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, Plaintiffs have received full payment for all work performed, thereby baring Plaintiffs' claims.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, Plaintiffs' claims are barred, or their damages should be reduced, to the extent they were paid extra compensation which is creditable toward or a setoff against the additional compensation sought in this action, pursuant to 29 U.S.C. §207(h) or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have waived or released his/her rights to assert any such claims against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because any recovery from Defendant would result in unjust enrichment of Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Representative Plaintiffs do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure or applicable state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails, in whole or in part, because Plaintiffs may not recover liquidated damages and/or prejudgment interest.

30

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent an employment relationship is found between SDS and Plaintiffs, although such is not admitted, if Plaintiffs suffered any damages as a result of the matters alleged in the First Amended Class Action Complaint, such damages were caused, in whole or in part, by their own culpable conduct, including their failure to inform of all time worked.  Any judgment recovered by Plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

### NINETEEN AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiffs' FLSA claims are not appropriate collective action claims and may not be certified to proceed as a collection action pursuant to 29 U.S.C. §216.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed because they signed arbitration agreements in which they agreed to arbitrate all disputes with SDS and are thereby precluded from filing or participating in any civil action against SDS.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

The class action waivers that Plaintiffs signed preclude them from proceeding with their claims against Defendant on a class or collective basis.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Defendant was not Plaintiffs' employer.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Liquidated damages are not permitted in a class action under applicable state law.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

Without conceding any arguments or defenses to the contrary, if the Court certifies a collective and/or class action in this case, the Defendant asserts the Affirmative Defenses set forth herein against each member of the certified collective and/or class action.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the First Amended Class Action Complaint that purport to arise under state law.

### TWENTY NINTH AFFIRMATIVE DEFENSE

Defendant has fully discharged and satisfied all duties and/or obligations due and owing to Plaintiffs.

### THIRTIETH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action against Defendant contained therein, is barred because the damages sought are excessively remote and speculative, and therefore not cognizable, compensable, or recoverable.

### THIRTY FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

## THIRTY SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any putative class members are barred to the extent that Plaintiffs have failed to plead a *prima facie* case arising under the FLSA and/or state wage and hour laws.

## THIRTY THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any putative class members are barred to the extent that Plaintiffs cannot establish that any acts or omissions of Defendant were willful.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any putative class members are barred to the extent that Plaintiffs or any putative class members seek to assert claims on behalf of other employees who are not similarly situated.

## THIRTY FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or any putative class member received any overpayments any recovery in this matter is subject to an offset.

## THIRTY SIXTH AFFIRMATIVE DEFENSE

The acts or omissions giving rise to Plaintiffs' claims for damages, if any, were the result of the actions or inactions of third parties that are not party to this dispute.

## THIRTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any putative class members are barred by the statute of frauds.

## THIRTY EIGHTH AFFIRMATIVE DEFENSE

The proposed classes of plaintiffs are inappropriate because individual questions predominate over common questions of law and fact.

## THIRTY NINTH AFFIRMATIVE DEFENSE

The proposed classes of plaintiffs are inappropriate because the purported collective action and class action are not superior to other available methods for the fair and efficient adjudication of the controversy.

## FORTIETH AFFIRMATIVE DEFENSE

The proposed classes of plaintiffs are inappropriate because Plaintiffs are not proper parties or adequate class representatives.

## FORTY FIRST AFFIRMATIVE DEFENSE

Plaintiffs have no right to a jury trial on some or all of their claims.

## FORTY SECOND AFFIRMATIVE DEFENSE

All or part of Plaintiffs' claims, as well as any claims of putative class members, are barred by the failure to mitigate their alleged damages.

## FORTY THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such additional affirmative or other defenses that may appear and prove applicable during the course of this action.

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order dismissing the First Amended Class Action Complaint with prejudice and in its entirety, awarding Defendant the costs, disbursements, and attorneys' fees incurred by it, and awarding Defendant such other and further relief the Court deems just and proper.

## JURY DEMAND

Defendant hereby demands a jury trial in this matter on all issues triable by a jury under applicable law.

Dated: March 17, 2023                              /s/ *David F. Jasinski*

                                                   David F. Jasinski, Esq.
                                                   Jasinski, P.C.
                                                   Two Hance Avenue, 3d Floor
                                                   Tinton Falls, NJ 07724
                                                   T: 973-824-9700
                                                   F: 732-842-1805
                                                   E: djasinski@jplawfirm.com

**DECLARATION OF SERVICE**

I hereby declare that on March 17, 2023 the foregoing was filed using the CM/ECF system, which will automatically provide notice to the attorneys of record by electronic means.

Dated: March 17, 2023

By:   /s/ *David F. Jasinski*
      David F. Jasinski, Esq.
      Jasinski, P.C.
      Two Hance Avenue, 3d Floor
      Tinton Falls, NJ 07724
      T: 973-824-9700
      F: 732-842-1805
      E: djasinski@jplawfirm.com