UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARIEL BERNARD, THOM M. GRAY, JALONNE RICE, DEAN J. SCHEMANSKI, *individually and on behalf of all others similarly situated*, DONALD NG, NADEEM WAQAR, IBRAHIM ELSALAMONI, MARK S. DELMEDICO, EKOVI AMENOUNVE, BARBARA SELIG, MANUEL ACEVEDO, IPUOLE OGAR, JODIE HOLMES, AHMED ADAM, *and* JOHN M. FINK,

    Plaintiffs,

– *against* –

STRATEGIC DELIVERY SOLUTIONS, LLC,

    Defendant.

**ORDER**

25 Civ. 00899 (ER)

---

Ramos, D.J.:

On July 26, 2024, while this case was pending in the District of New Jersey, Plaintiffs filed a motion to transfer the case to this District. Doc. 89. On August 16, 2024, Plaintiffs filed a motion for conditional class certification. Doc. 96.

On January 27, 2025, the District of New Jersey granted Plaintiffs' motion to transfer the case to this District pursuant to 28 U.S.C. § 1404(a), on the ground that there is substantial overlap between this case and a "first-filed" case in this Court, *Zambrano v. Strategic Delivery Solutions, LLC*, No. 15 Civ. 8410 (ER) (S.D.N.Y.). Doc. 116 at 2. On January 31, 2025 this case was transferred to this District. Doc. 117.

On April 11, 2025, Strategic Delivery Solutions, LLC ("SDS") filed a motion to stay the case. Doc. 130. SDS explained that it had filed a Rule 60 motion with the District of New Jersey, seeking the court to certify the issue of the application of the "first-filed" rule to the Third Circuit Court of Appeals, to provide SDS the right to request

to have the issue of transfer decided on an interlocutory basis by the Third Circuit. Doc. 130-1 at 1. Therefore, SDS requested that the instant case be stayed pending a decision by the District of New Jersey as to the Rule 60 application and potential interlocutory appeal. *Id.*

On June 17, 2025, Plaintiffs filed a letter informing this Court that on June 10, 2025, the District of New Jersey denied SDS's Rule 60 motion and its request to take an interlocutory appeal. Doc. 137; *see also* Doc. 137-1. Plaintiffs argued: "In light of this development, Plaintiffs believe that [SDS's] motion to stay this case is now moot, and the Court can proceed to consider Plaintiffs' motion for conditional certification." Doc. 137.

On June 20, 2025, SDS requested that the Court "postpone any decision regarding the stay request," because it intended to file a letter, by June 27, requesting that this case be consolidated with *Zambrano*, 15 Civ. 8410. Doc. 139. SDS argued that if this Court were to grant leave for it to file the motion to consolidate, a stay during the briefing and pendency of that motion would be appropriate. *Id.* However, since then, there has been no further activity in this case.

The parties are therefore instructed to submit a status report by no later than October 15, 2025.

It is SO ORDERED.

Dated: October 8, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

2